## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**REO THOMAS NANCE**,

    Petitioner,

v.                                Case No. **8:24-cv-02625-WFJ-SPF**
                                     Crim. Case No. **8:15-cr-00171-SCB-JSS**

**UNITED STATES OF AMERICA**,

    Respondent.

_____/

## I.  ORDER

Reo Nance ("Petitioner") raises four separate grounds for ineffective assistance of counsel under 28 U.S.C. § 2255, the first of which is trial counsel's failure to file a motion to suppress evidence obtained from a search of Petitioner's phone (Ground One). Civ. Doc. 4 at 4[1]. Petitioner then argues that appellate counsel failed to raise a discrepancy between the Court's oral pronouncement of the sentence and the written sentence (Ground Two). *Id.* at 7. Petitioner further contends that trial counsel failed to object to a defect in the indictment when the predicate prior offense, Possession of Paraphernalia, was a misdemeanor and could not support possession of a firearm by a convicted felon under § 922(g) (Ground Three). *Id.* at 10. Finally, Petitioner alleges that trial counsel failed to object to a double jeopardy violation, in which he was convicted for two counts

---

[1] References to filings in the criminal case are cited as "Crim. Doc. [document number]." References to filings in this civil case are cited as "Civ. Doc. [document number]."

of brandishing a firearm under § 924(c) (Ground Four). *Id.* at 13. The Court dismisses Petitioner's § 2255 motion as time barred.

## II. <u>BACKGROUND</u>

### A. Procedural Posture

Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on November 12, 2024. *See* Civ. Docs. 1 & 3. Nance filed an amended § 2255 motion ten days later on November 22, 2024. Civ. Doc. 4. This Court determined Nance's first motion to be moot in light of the amended motion and ordered the United States to respond to the amended motion on December 4, 2024. Civ. Doc. 5. Petitioner raises four different claims for prejudicially ineffective assistance of Trial and Appellate Counsel by means of a collateral proceeding under § 2255 and seeks to have both his judgment and sentence vacated to allow for a new trial or an evidentiary hearing on those claims. Civ. Doc. 4. Petitioner additionally requests equitable tolling for his untimely filing of the § 2255 motion. Civ. Doc. 12 at 19. The United States responded to each claim and opposed Nance's amended motion. *See* Civ. Doc. 11.

### B. Factual Summary

Petitioner participated in a conspiracy to commit Hobbs Act Robbery and engaged in multiple armed robberies in the city of Tampa, Florida, from March 15, 2015, until April 16, 2015. Crim. Doc. 208 at 162–67. Several victims were pistol

whipped, two were shot, and one was left paralyzed. Crim. Doc. 208 at 192:11–25, 213:3–16; Crim. Doc. 210 at 217:11–24. In October 2015, a grand jury returned an indictment charging Nance with six felonies. Crim. Doc. 76. Petitioner pled not guilty. Crim. Doc. 208 at 8–9. After a five-day trial, the jury found Nance guilty as to every charge. Crim. Docs. 208–12; Crim. Doc. 157. Count One entailed Conspiracy to Interfere with Commerce by Robbery, in violation of 18 U.S.C. § 1951(a). Crim. Doc. 157 at 1. Counts Five and Seven were two separate 18 U.S.C. §§ 1951(a) Hobbs Act Robberies on April 15, 2015, and April 16, 2015, respectively. Crim. Doc. 157 at 1, 3; Crim. Doc. 208 at 162–65. Counts Six and Eight were two separate violations of 18 U.S.C. § 924(c)(1)(A)(ii), Discharging or Brandishing a Firearm in Furtherance of a Crime of Violence, in connection to the robberies on April 15 and April 16. Crim. Doc. 157 at 2–3. For Counts Six and Eight, the jury found that Nance was the individual who had brandished or used the firearm. Crim. Doc. 157 at 2, 4. Count Eleven was a conviction for a Felon in Possession of a Firearm or Ammunition under 18 U.S.C. § 922(g)(1). Crim. Doc. 157 at 4. Nance was sentenced to a total of 624 months in prison. Crim. Doc. 222 at 3. He was sentenced to 240 months for Counts One, Five, and Seven, and 120 months for Count Eleven, to run concurrently. *Id*. These sentences were followed by a consecutive term in Count Six of 84 months and an additional consecutive term of 300 months for Count Eight, to run consecutive to Count Six and any other counts. *Id*. Petitioner

unsuccessfully appealed his convictions to the Eleventh Circuit, which affirmed his sentence. *See United States v. Lynch*, No. 8:15-cr-00171-SCB-JSS-1, 2023 WL 4882460 (11th Cir. Aug. 1, 2023).

In preparation for filing Petitioner's § 2255 motion, Petitioner's present counsel attempted to contact and acquire pre-trial discovery documentation from trial counsel on multiple occasions between April and September 2024. *See* Civ. Doc. 1-2 at 4–8. Petitioner's trial counsel did not provide him with his pre-trial discovery documents, nor did she make attempts at communication after April 18, 2024, the date on which she allegedly stated that she had Petitioner's files. Civ. Doc. 12 at 5. Petitioner filed a bar complaint against trial counsel, and the Government concedes that they lack access to the documents related to Petitioner's bar complaint and cannot dispute or verify the allegations. Civ. Doc. 11 at 6. Two major hurricanes, Milton and Helene, also hit Tampa Bay from September 26, 2024, to October 10, 2024. Civ. Doc. 12 at 8–9. Petitioner claims these natural disasters prevented counsel from speaking to Petitioner at his prison facility from September 24, 2024, until November 6, 2024. *Id.*

### III. <u>LEGAL STANDARD</u>

#### A. 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct a Sentence

A prisoner in federal custody may file a motion with the court to vacate, set aside or correct a sentence on the grounds that the sentence is subject to collateral

attack. 28 U.S.C. § 2255. Relief from collateral review under § 2255 "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (internal quotation marks omitted) (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)). Within the narrow scope of collateral review, § 2255 permits relief on four grounds—the ground relevant to Petitioner's case requires that the imposed sentence be subject to collateral attack. 28 U.S.C. § 2255(b). If the Court finds that the judgment was open to collateral attack, the Court must vacate and set the judgment aside, resentence him, grant a new trial, or correct the sentence. 28 U.S.C. § 2255. Petitioner raises four ineffective assistance of counsel claims, which are cognizable under § 2255 as collateral proceedings. *See Massaro v. United States*, 538 U.S. 500, 504 (2003).

In a § 2255 motion, the burden of proof rests on the petitioner. *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014). In the Eleventh Circuit, if the record conclusively shows that the petitioner is not entitled to relief, the court is not obligated to conduct an evidentiary hearing for the § 2255 motion. *Vick v. United States*, 730 F.2d 707, 708 (11th Cir. 1984). If the court cannot tell one way or the other whether the dispositive facts being alleged would entitle the petitioner to

relief—the district court must deny the § 2255 motion. *See In re Moore*, 830 F.3d 1268, 1273 (11th Cir. 2016).

## B. Equitable Tolling

A one-year period of limitation applies to the filing of a § 2255 motion, beginning on the date the judgment becomes final. 28 U.S.C. § 2255(f)(1). The judgment "does not become final for purposes of § 2255(1) until the expiration of the 90–day period for seeking certiorari." *Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002). "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control *and* unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Equitable tolling is an extraordinary remedy that is granted sparingly, and mere attorney negligence does not justify such a grant. *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). Reasonable diligence, not maximum feasible diligence, is required and a causal connection between the alleged extraordinary circumstances and the late filing of the petition must exist for the tolling to be granted. *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011).

It is a general rule that the petitioner bears the risk of his counsel's negligent conduct and "is ordinarily bound by counsel's failure to meet a filing deadline." *Cadet v. Florida Dep't of Corr.*, 853 F.3d 1216, 1225 (11th Cir. 2017). It is not enough for a grant of equitable tolling that the attorney error be egregious. *Id.* at

1227 (holding that attorney negligence, even gross or egregious negligence, does not by itself qualify as an "extraordinary circumstance" for purposes of equitable tolling, as either abandonment of the attorney-client relationship or some other extraordinary circumstance is required). In the Eleventh Circuit, a fact-specific, case-by-case approach has been adopted for equitable tolling inquiries; in determining whether Petitioner has alleged extraordinary circumstances that, if true, would entitle them to relief, the court must consider all relevant facts. *Downs v. McNeil*, 520 F.3d 1311, 1322 (11th Cir. 2008).

### C. Ineffective Assistance of Counsel

To warrant an evidentiary hearing, petitioner must allege meritorious facts in his ineffective assistance claims that would entitle him to relief. *See Aron v. United States*, 291 F.3d 708, 714–15 (11th Cir. 2002). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). To succeed on a claim of ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Id.* at 687. "[T]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 695-96.

Moreover, the court must consider the totality of the evidence that was before the judge or jury. *Id.* at 695.

The burden rests on the petitioner to demonstrate an ineffective assistance of counsel violation. *See United States v. Cronic*, 466 U.S. 648, 658 (1984). Petitioner must show that his counsel's representation "fell below an objective standard of reasonableness[,]" to establish deficient performance. *Martin v. United States*, 949 F.3d 662, 667 (11th Cir. 2020) (internal quotation marks omitted) (quoting *Strickland v. Washington*, 466 U.S. 688 (1984)). The burden of persuasion on petitioner to prove that counsel's performance was unreasonable is by a preponderance of competent evidence. *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). The burden on the petitioner to show that no competent counsel would have taken the action that his counsel did or failed to take is a heavy one. *See Leaks v. United States*, No. 20-12538, 2024 WL 3650185, at *3 (11th Cir. 2024). When "the record is incomplete or unclear about [counsel]'s actions, we will presume that he did what he should have done, and that he exercised reasonable professional judgment." *Williams v. Head*, 185 F.3d 1223, 1228 (11th Cir. 1999). Furthermore, a showing of prejudice requires the petitioner to demonstrate that the arguments his counsel failed to raise were significant enough to have affected the outcome of his trial or appeal. *See Hill v. United States*, 317 F. App'x. 910, 914 (11th Cir. 2009). "Surmounting *Strickland*'s high bar is never an easy task." *Harrington v.*

*Richter*, 562 U.S. 86, 105 (2011) (internal quotation marks omitted) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)) (noting the heavy burden placed on petitioners asserting claims of ineffective assistance of counsel).

## IV. <u>DISCUSSION</u>

### A. Timeliness and Equitable Tolling

Petitioner concedes the Government's timeline for the untimely filing of his § 2255 motion. Civ. Doc. 12 at 1. However, Petitioner requests that the Court grant equitable tolling. *Id.* Petitioner attributes the need for equitable tolling to his former counsel who failed to communicate and to provide pre-trial discovery documents and the Presentence Report ("PSR") to Petitioner, thereby preventing him from adequately reviewing his case in time to file a § 2255 motion. Civ. Doc. 1-2 at 5.

Following the undisputed timeline, Petitioner's conviction became final on October 31, 2023, when the time for seeking certiorari review had expired— Petitioner then had until October 31, 2024, to file a timely § 2255 motion. *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) (stating that a habeas petition may not be filed more than one year after petitioner's conviction became final). Nance filed his initial § 2255 motion on November 12, 2024. Civ. Doc. 1. Nance then filed an amended § 2255 motion on November 22, 2024. Civ. Doc. 4. Petitioner filed his initial motion more than a year after his convictions

became final on October 31, 2024, and his motion was thus untimely. 28 U.S.C. § 2255(f)(1). Petitioner's motion to vacate is out of time.

Nonetheless, Petitioner requests equitable tolling for extraordinary circumstances surrounding his untimely motion. However, Petitioner has not shown that the damage to counsel's law office, caused by hurricanes Helene and Milton, constitutes an extraordinary circumstance that prevented the timely filing of a § 2255 motion. Frustrated accessibility to normal law office operations, due to hurricanes causing electrical outages and court closures, may not constitute extraordinary circumstances. *See Dumas v. United States*, No. 8:18-CR-326-TPB-TGW, 2025 WL 987524, at *4 (M.D. Fla. Apr. 2, 2025) (holding that counsel's lack of immediate access to critical files and the usual office infrastructure caused by Hurricane Milton is insufficient to justify equitable tolling). Although counsel was impacted by the hurricane, counsel was not inhibited altogether from work, as they attempted to obtain pre-trial discovery from counsel for co-defendants on October 17, 2024, a week after the alleged impact of Hurricane Milton from October 5–10 and two weeks before the October 31 deadline. Civ. Doc. 1-2 at 8–9. Likewise, counsel does not assert a lack of internet access or personal inconveniences in the days immediately before or after the hurricanes that would establish a causal connection between the untimely filing of the motion and the hurricanes. *See San Martin*, 633 F.3d at 1267 (stating that defendant must show a causal connection between the alleged

extraordinary circumstances and the late filing of the petition); *see also Bello v. United States*, 757 Fed. Appx. 819, 823 (11th Cir. 2018) (reasoning that the petitioner needed to demonstrate a more explicit link between Hurricane Irma and his failure to timely file, beyond general disruptions like court closures or power outages).

Moreover, no authority has been cited to demonstrate that counsel's inability to obtain documentation from trial counsel constitutes an extraordinary circumstance. The full trial and appellate record (with full transcripts) was always available online. This Court does not find the facts presented as sufficient to establish such a circumstance.

Petitioner is bound by counsel's failure to meet the filing deadline on October 31, 2024. *See Cadet*, 853 F.3d at 1225. Counsel had already reviewed documents available in PACER, and alternate methods were available to obtain the pre-trial discovery files and the PSR. Civ. Doc. 12 at 3. Counsel had sufficient time between April and October 2024 to file the § 2255 motion. Therefore, equitable tolling will not be granted, and the motion is dismissed as untimely.

**B. Ineffective Assistance of Counsel Claims**

Although Petitioner's claims are time barred, the Court will nonetheless briefly address the grounds asserted in the amended § 2255 motion.

**1. Ground One**

Petitioner claims that trial counsel was ineffective for her failure to move to suppress a search of his phone. The photographs of Petitioner with his firearms, that were obtained from the allegedly warrantless search of his phone, prejudiced him. Civ. Doc. 4 at 4. Counts Six, Eight, and Eleven are especially implicated by the search at issue, as Petitioner's phone contained evidence of his possession of a firearm—evidence that Petitioner alleges the jury relied upon during deliberations. *Id.* at 4.

The FBI took possession of the phone in connection to the robbery investigations being conducted in Counts Five and Seven, after the Hillsborough County Sherriff's Office had already completed its search of the phone's contents in compliance with a warrant. *See* Crim. Doc. 208 at 277:17–278:9; Civ. Doc. 4 at 5. The warrant was granted by a Hillsborough County circuit court judge and allowed for a limited search of the phone's contents that existed on the days of March 21–22, 2015. Civ. Doc. 11 at 10. Despite the limitation, a crime laboratory analyst for the FBI performed a complete data extraction on Petitioner's phone. Crim. Doc. 209 at 21:4–18. The analyst testified that he did not have the ability to forensically determine the dates for the photographs that he had extracted. At trial, the Government introduced these photographs of Petitioner with firearms as Government Exhibits 59-A and 59-C through 59-Q, with no objections by counsel. Crim. Doc. 209 at 21:4–22:1.

The failure of defense counsel to move to suppress evidence obtained from a search can constitute ineffective assistance of counsel. *See Lynch v. Sec'y, Florida Dept. of Corr.*, 776 F.3d 1209, 1220 (11th Cir. 2015) (evaluating an ineffective assistance of counsel claim in which the basis for the claim is a failure by counsel to file a Fourth Amendment suppression motion to exclude evidence derived from a search). When arguing that counsel was ineffective for failing to file a suppression motion under the *Strickland* standard, the petitioner must demonstrate prejudice by showing that his "Fourth Amendment claim is meritorious *and* that there is a reasonable probability that the verdict would have been different absent the excludable evidence[.]" *Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016) (emphasis added) (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986)).

In the instant case, the evidence at trial was sufficient for convictions and there does not exist a reasonable probability that the verdict would have been different had the photographs been excluded. Nance testified at trial that the photos of the firearms were taken well prior to him being a convicted felon. Crim. Doc. 245 at 18–22. He attempted to entirely exonerate himself at trial, but the verdict showed he helped

13

convict himself as the jury disbelieved his testimony entirely—thus negating any "sufficiency of the evidence" defense he might now assert.[2]

Further, Co-defendant Christopher Fruster provided eyewitness testimony that he saw Mr. Nance in possession of a semi-automatic pistol on April 15, 2015, during the Marathon robbery. Crim. Doc. 208 at 211:22–212:1. Fruster also stated that Nance said he had pistol-whipped a Marathon clerk with his pistol on that same day. *Id.* at 213:14–16. Fruster further testified that he saw Nance in possession of a semi-automatic pistol the following day on April 16, 2015, during the Nebraska Food Market robbery. *Id.* at 220:11–13; *see United States v. Feliciano*, 761 F.3d 1202, 1205 (11th Cir. 2014) (affirming convictions for both felon in possession of a firearm and brandishing a firearm while acknowledging co-defendant testimony as being key to the adjudication, despite no presence of fingerprints, DNA, or other physical evidence).

Additionally, DNA evidence matching Nance was found on the tip of a latex glove, linking him to the group of co-defendants who, according to eyewitnesses and video footage, were seen wearing latex gloves while handling firearms at the locations of the robberies. *See* Crim. Doc 209. at 61:12–16, 82:14–20; *United States v. Eckel*, 743 F. App'x. 329, 334 (11th Cir. 2018) (holding that DNA evidence of the

---

[2] Petitioner's testimony is in this record at Crim. Doc. 211. The sentencing court found it to be materially perjurious. *Id.*; Crim. Doc. 245 at 20–23.

defendant that was found on gloves within the car in which a firearm was located, in addition to officer testimony, was sufficient for a reasonable jury to have found the defendant, beyond a reasonable doubt, to be a felon in possession of that firearm).

Furthermore, the mother of Nance's child, Shannon Jones, testified to Nance's possession of firearms, identified Nance in video surveillance of his April 15, 2025, Marathon robbery, and identified the firearm in Exhibit 40 as Nance's. Crim. Doc. 211 at 26:11–15; *see United States v. Chim*, No. 21-11807, 2022 WL 3371432, at *4 (11th Cir. Aug. 16, 2022) (holding that the government produced sufficient evidence, through witness and additional corroborating testimony of defendant possessing a firearm, to sustain convictions for Hobbs Act robbery and brandishing a firearm). There was ample evidence, aside from the photographs in Exhibits 59-A through 59-Q, from which the jury concluded that Petitioner was in possession of a firearm. When considering the evidence available to the jury and the high bar set by *Strickland*, this Court cannot conclude that the verdict would have been different absent the excludable evidence. Thus, Petitioner was not prejudiced due to the admitted photographic evidence and Ground One is without merit.

## 2.  Ground Two

Petitioner argues that appellate counsel failed to raise a discrepancy between the Court's oral pronouncement of a sentence of 624 months and the written sentence of 504 months. Civ. Doc. 4 at 7. However, the Government correctly states that the

only place in the record that indicates a 504-month sentence is the criminal minutes-sentencing entry. Crim. Doc. 219; Civ. Doc. 11 at 12. In Petitioner's case, the oral pronouncement at sentencing and the written judgment both indicated a 624-month sentence. Crim. Doc. 245 at 49:2–18; Crim. Doc. 222 at 3. It is therefore appropriate to hold that the 624-month sentence is correct because there exists no discrepancy.

Petitioner's counsel "cannot be deficient for failing to raise a meritless claim[.]" *Freeman v. Att'y. Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008). Petitioner offers no authority beyond conclusory allegations to show that counsel's performance was deficient for failing to raise a meritless claim or that the outcome would have been different but for counsel's failure to address the minutes entry. Thus, Petitioner fails to meet their burden, and Ground Two has no merit.

**3. Ground Three**

Petitioner claims that trial counsel was ineffective for failing to object to a defect in the indictment for Count Eleven that allowed the jury to convict Petitioner under § 922(g) with a prior predicate offense of Possession of Paraphernalia, which was a misdemeanor and not a felony. Civ. Doc. 4 at 10. The general verdict did not distinguish which of the three previous alleged felonies was the basis for Petitioner's conviction. Crim. Doc. 157 at 4. But Petitioner stipulated at trial he was a convicted felon. *See* Crim. Doc. 155 at 27.

A petitioner may be entitled to a vacated conviction when a *Stromberg* error exists, which arises when a jury issues a general verdict based upon an indictment or jury instruction that contains valid and now-invalid predicate offenses. *Garrison v. United States*, 73 F.4th 1354, 1360 (11th Cir. 2023). This *Stromberg* error is subject to a harmless error standard. *Cannon v. United States*, No. 01-00396-CR, 2021 WL 5114822, at *3 (S.D. Fla. Oct. 13, 2021), *report and recommendation adopted*, No. 19-23145-CIV, 2021 WL 5114531 (S.D. Fla. Nov. 3, 2021). Under this harmless error standard, reversal is only warranted when the petitioner suffered actual prejudice from the error and when there exists more than a reasonable possibility that the error was harmful. *See id.* Therefore, "it is proper to look at the record to determine whether the invalid predicate actually prejudiced the petitioner . . . or whether the jury instead (or also) found the defendant guilty under a valid theory." *Granda v. United States*, 990 F.3d 1272, 1294 (11th Cir. 2021).

In Petitioner's case, even if a *Stromberg* error was present, it was a harmless error as it was undisputed that Nance was convicted previously for both Aggravated Battery/Deadly Weapon and Felon in Possession of a Firearm. Civ. Doc. 12 at 13. Petitioner testified in court as to his convicted felon status. Crim. Doc. 211 at 154:6–7. A jury may infer from a petitioner's stipulation and testimonial admission that they are a convicted felon. *See United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (holding that the jury could infer the *mens rea* of the defendant from his

stipulation and testimony). There is no difficulty in then determining that the jury had found Petitioner guilty as a felon by its reliance upon his testimony and the substance of the valid felonies, both of which were crimes punishable for more than a year. FLA. STAT. §§ 790.23, 784.045. When viewing the record, it is unlikely that Petitioner suffered any prejudice, as Petitioner would have been convicted by the jury on his other two felony convictions. *See Granda*, 990 F.3d at 1294 (holding the petitioner guilty under multiple valid theories and determining that there is no prejudice, despite an alleged invalid predicate offense listed on the verdict). Accordingly, Ground Three is without merit because Petitioner fails to meet his burden, as he would not have been prejudiced by counsel's failure to object.

**4.  Ground Four**

Petitioner argues that trial counsel failed to object to a double jeopardy violation for his two convictions in Counts Six and Eight of Brandishing a Firearm under § 924(c). Civ. Doc. 4 at 13. "The Fifth Amendment's Double Jeopardy Clause guarantees that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb'" and guarantees protection against multiple punishments for the same offense. *United States v. Bobb*, 577 F.3d 1366, 1371 (11th Cir. 2009) (quoting U.S. CONST. amend. V). Only one fact or element needs to be different between each charge to avoid multiplicity. *See United States v. Costa*, 947 F.2d 919, 926 (11th Cir. 1991). Furthermore, § 924(c) permits multiple convictions that arise

18

from a single course of conduct. *United States v. Rahim*, 431 F.3d 753, 757 (11th Cir. 2005). A § 924(c) conviction is also valid if the predicate offenses for both counts charged are not a single charge of conspiracy but rather linked to separate felonies of drug possession. *See United States v. Hamilton*, 953 F.2d 1344, 1346 (11th Cir. 1992).

In the instant case, Petitioner contends that there exists a double jeopardy violation as the two counts, Six and Eight, of brandishing a firearm in furtherance of a crime of violence under § 924(c) plausibly relied upon the single conspiracy charge from Count One, as the general verdict does not clarify which of the two predicate felonies, Count One conspiracy or Count Five and Seven Hobbs Act Robberies, were relied upon by the jury for Petitioner's convictions of Counts Six and Eight. Civ. Doc. 4 at 13. Nonetheless, the established principles under *Hamilton* support the Government's assertion that Petitioner's argument is meritless, as the § 924(c) convictions were linked to separate felonies and events apart from the conspiracy charge, those being the robberies occurring on April 15 and 16, 2015, respectively. *See Hamilton*, 953 F.2d at 1346. Counts Six and Eight are from two different robberies on two different days. Count Six was brandishing a pistol at the Marathon gas station robbery on April 15, 2015. Civ. Doc. 76 at 4–5. Count Eight was brandishing a pistol at the Sunoco gas station robbery the next day, six miles from the Marathon gas station. *Id.* at 5–6; *See Costa*, 947 F.2d at 926. Therefore, appellate

counsel was not ineffective for failing to raise the meritless double jeopardy issue. *See Chandler v. Moore*, 240 F.3d 907, 917 (11th Cir. 2001) (holding that defendant's appellate counsel was not ineffective for failing to raise a nonmeritorious issue). Accordingly, Ground Four is without merit.

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

The Court declines to issue a certificate of appealability nor authorizes leave to appeal in *forma pauperis* because Nance fails to make a substantial showing of the denial of a constitutional right, as required by 28 U.S.C. § 2253(c)(2), and an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Thus, a certificate of appealability and leave to appeal in *forma pauperis* are **DENIED**.

## IV. <u>CONCLUSION</u>

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct an Illegal Sentence pursuant to 28 U.S.C. § 2255 (Civ. Doc. 4) is **DISMISSED** as time barred and a certificate of appealability should be **DENIED**. The Clerk is directed to **TERMINATE** any pending motions and deadlines and **CLOSE** this case.

**DONE** AND **ORDERED** in Tampa, Florida, on July 28, 2025.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record

Plaintiff